UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROAN BROS. TITLE COMPANY, et al., | § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3: 04-CV-1090-B |
| | § | ECF |
| CITY OF GARLAND, et al., | § § | |
| Defendants. | § | |

### MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Leave to File Amended Pleading (doc. 164), filed November 23, 2005, in which Plaintiffs seek leave to file a Second Amended Application for Writ of Certiorari, Injunctive and Other Relief. After review of the pleadings, the Court **DENIES** Plaintiffs' Motion.

This case was filed in Texas state court on February 28, 2003. It was removed to this Court on May 21, 2004, after Plaintiffs filed their First Amended Application for Writ of Certiorari, Injunctive and Other Relief, which included a federal claim. On September 24, 2004, the Court entered a Scheduling Order that set a November 1, 2004 deadline for amending pleadings. Trial was set for July 18, 2005, but has since been continued twice - once at the request of the parties and once on the Court's initiative. Trial is now set for January 17, 2006. Discovery closed on May 20, 2005, and there are Motions for Summary Judgment pending from each side.

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure, not Rule 15. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546

(5th Cir. 2003). Pursuant to Rule 16, a scheduling order should not be modified unless there is a showing of good cause. *See* FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . .."); *see also S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). Plaintiffs do not discuss Rule 16(b) in their briefing, instead basing their arguments on Rule 15(a)'s more liberal amendment standard. FED. R. CIV. P. 15(a) (leave to amend "shall be freely given when justice so requires"). Rule 15(a), however, only comes into play once the moving party has demonstrated good cause under Rule 16(b). *S&W Enters.*, 315 F.3d at 536.

"The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). The Fifth Circuit employs the following four-part test when evaluating whether a district court has abused its discretion in refusing to modify a scheduling order: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters.*, 315 F.3d at 536.

Plaintiffs offer no explanation for their failure to timely move for leave to amend. Further, they do not address the importance of their proposed amendments. Indeed, Plaintiffs indicate that they simply seek to include information that is already known to both parties and to clarify several

issues. (Pls. Mot. p. 4) The proposed amendments are potentially prejudicial to Defendants, since discovery has closed, summary judgments have been filed, and the case is less than two months away from trial. Finally, because this case has been pending for almost three years, a further continuance is not appropriate. Therefore, because Plaintiffs have failed to show good cause to amend the Court's Scheduling Order to permit Plaintiffs to untimely amend their pleading, the Court **DENIES** Plaintiffs' Motion.

    **SO ORDERED.**

    **SIGNED November  29th , 2005**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE